# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES MOORE, ) | |
|              Petitioner, ) | |
| v.                                         ) | Case No. CIV-04-1735-F |
|                                              ) | |
| HASKELL HIGGINS, JR., WARDEN, ) | |
|                                              ) | |
|              Respondent. ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Doc. #6]. Respondent has filed a response to the petition [Doc. #12] and Petitioner has filed a reply [Doc. #14]. Therefore, the matter is at issue. This matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons set forth below, it is recommended that the Petition be denied.

## Background

Petitioner is currently in the custody of the Oklahoma Department of Corrections (ODOC) incarcerated in the Howard McLeod Correctional Center. In this action, Petitioner is challenging the result of a prison disciplinary hearing held on June 15, 2004. Petitioner was found guilty of Group Disruptive Behavior in violation of Rule 01-3.[1] As a result of his

---

[1] "Group Disruptive Behavior" is defined as follows:

Participation with others or an attempt to incite others in a course of disorderly conduct: (a) with purpose to commit or facilitate commission of a felony or misdemeanor; (b) with purpose to prevent or coerce official action; (c) when the actor or any other participant to the knowledge of the actor uses or plans to use a firearm or other deadly weapon; (d) for the purpose of banding together for
(continued...)

conviction, Petitioner lost 365 days of earned credit, was reassigned to Level 1 for 90 days, and was restricted to Level 2 for two years. Petition at 2 (numbered 3). Petitioner's conviction was affirmed by the facility head. Response Ex. 7. The conviction was also affirmed on appeal by the Director's Designee, Melinda Guilfoyle. Response Ex. 6.

## Petitioner's Claims

In his first and fourth grounds for relief, Petitioner contends that prison officials failed to provide "some evidence" that he had violated Rule 01-3 in that they failed to prove any element of "Group Disruptive Behavior." In his second ground, Petitioner states that prison authorities violated his First Amendment right to freedom of speech by punishing him for voicing his opinion.[2] In his third ground for relief, Petitioner contends that his due process rights were violated when he was denied a staff representative. He further contends that he was denied access to the courts when he was placed in segregation in the county jail without access to legal materials.

## Analysis

---

[1](...continued)
demonstration, work stoppage, hunger strike, etc.; (e) the taking over a part of the physical plant; or (f) involvement in writing, circulating or signing a petition that poses a threat to the security of the facility.
*See* OP-060125, Response Ex. 1.

[2]Petitioner's First Amendment claim set out in Ground Two of the Petition challenges the conditions of his confinement rather than the execution of his sentence and is the kind of claim that would be properly raised in a civil rights actions brought pursuant to 42 U.S.C. § 1983 after exhaustion of administrative remedies. Petitioner's First Amendment claim should be dismissed without prejudice and will not be addressed in this Report and Recommendation.

To be entitled to the protections of the Due Process Clause in a prison disciplinary proceeding, a prisoner must show that the resulting disciplinary action implicates a state-created liberty interest. The Oklahoma courts have determined that Oklahoma state law creates a liberty interest in earned good time credits. *See* Okla. Stat. tit. 57, § 138(A); *see also Waldon v. Evans*, 861 P.2d 311, 313 (Okla. Crim. App. 1993) ("[T]he State has created a liberty interest in earned credits[.]"). Therefore, Oklahoma prisoners are generally entitled to minimum due process protection before their earned credits are revoked. *Mitchell v. Maynard*, 80 F.3d 1433, 1445 (10th Cir. 1996). In this case, 365 of Petitioner's credits were revoked.[3] Therefore, Petitioner was entitled to due process in his prison disciplinary hearing.

However, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). To meet the due process standard in an institutional disciplinary proceeding, an inmate must receive (1) advance written notice of the disciplinary charge; (2) an opportunity, when consistent with institutional safety and correctional goals,

---

[3]Petitioner also challenges his reclassification to a higher security level and his transfer to a more restrictive "correctional facility." *See* Petitioner's Reply at 2. Neither his reclassification nor his transfer, however, invokes the protections of the Due Process Clause. It is fundamental that the subsequent change in Petitioner's security classification did not implicate the Due Process Clause "because [a prisoner] is not entitled to a particular degree of liberty in prison." *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). Moreover, the opportunity to earn good time credits is not a protected liberty interest. *See York v. Addison*, No. 01-7111, 2002 WL 1023665 at *2 (10th Cir. May 22, 2002) (unpublished op.) (*citing Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) ("mere opportunity" to earn good-time credits does not amount to liberty interest) (emphasis in original)). *See also Brown v. Champion*, No. 95-5061, 1995 WL 433221 (10th Cir. Jul. 24, 1995) (unpublished op.) (reclassification of prisoner does not implicate a liberty interest even when it prevents the inmate from earning credits in the future). (The unpublished opinions are cited for their persuasive value pursuant to 10th Cir. R. 36.3.)

to present witnesses and documentary evidence; and (3) a written statement of the evidence relied on and the reasons for any disciplinary action. *Superintendent v. Hill*, 472 U.S. 445, 454 (1985). If these requirements are met, and there is "some evidence" to support the decision, then procedural due process has been provided. *Id.*

**Grounds One and Four**

Petitioner contends that his disciplinary conviction was not supported by "some evidence." Judicial review to determine the existence of "some evidence" does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. *Id.* Rather, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary hearing officer. *Id.*

In this case, the finding of guilt was based on statements by two reporting officers who reported that the inmate population became restless after Petitioner challenged the first reporting officer in a loud voice regarding whether the inmates would be served breakfast before they had to report to work. The first reporting officer stated that he was in Petitioner's unit in response to a fight which had resulted in a facility lockdown with inmates confined to their bunks. Petitioner reportedly stated that he and his fellow inmates were stressed and gave examples of the causes of the stress, repeatedly using the pronoun "we" and turning toward the inmate population. He then reportedly encouraged the other inmates to yell, "Hell yeah." *See* Response Exs. 3-4. These reports constitute some evidence that Petitioner "attempt[ed] to incite others in a course of disorderly conduct . . . (b) with purpose to prevent

or coerce official action[.]" *See* OP-060125, Response Ex. 1. Because Petitioner's disciplinary conviction was based on some evidence, grounds one and four are without merit.

**Ground Three**

Petitioner also challenges his disciplinary conviction based on his assertion that prison officials failed to comply with ODOC policy in that Petitioner was not granted access to legal materials while he was in segregation.[4] Prison official's failure to abide by ODOC policy does not, however, necessarily violate the guarantees of the Due Process Clause. "Process is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement." *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983). Moreover, Petitioner does not state how access to legal materials or ODOC policies would have aided him in his defense against the disciplinary charge presented.

In the alternative, Petitioner states that a staff representative should have been appointed to assist him in the preparation of his defense. In *Wolff*, however, the Court refused to find that prisoners have the right to counsel in prison disciplinary proceedings.

---

[4]The Tenth Circuit has recognized that prison officials' failure to follow their own procedural rules could implicate the guarantees of the Due Process Clause at least where the omission impacts a petitioner's right to be heard. *See Mitchell v. Maynard*, 80 F.3d 1433, 1444-45 (10th Cir.1996) (analyzing under *Wolff* prisoner's claim that disciplinary hearing violated due process because unreliable evidence was admitted; separately analyzing under *Armstrong v. Manzo*, 380 U.S. 545 (1965) prisoner's claim that disciplinary hearing violated due process because defendants failed to follow their own established policy of banning staff members directly involved in the disciplinary case from being the disciplinary officer because "a fundamental requirement of due process is the opportunity to be heard"). This case does not, however, stand for the proposition that a disciplinary hearing officer's failure to follow prison regulations *per se* violates the Due Process Clause. In this case, Petitioner was afforded the fundamental right to be heard. The disciplinary hearing officer considered the evidence and found it adequate to support the charge.

*Wolff*, 418 U.S. at 570.[5]  *See also Gwinn v. Awmiller*, 354 F.3d 1211, 1220 (10th Cir.), *cert. denied*, 125 S.Ct. 181 (2004) ("Because prisoners do not 'have a right to either retained or appointed counsel in disciplinary hearings,' . . . Mr. Gwinn was not entitled to an attorney here.") (*citing Wolff*, 418 U.S. at 570).  Under the circumstances in this case, Petitioner received the process he was due.  Because Petitioner has received the process to which he was due, the Petition for Writ of Habeas Corpus should be denied.

## RECOMMENDATION

It is recommended that the Petition for Writ of Habeas Corpus be [Doc. #6] be denied. It is further recommended that Petitioner's First Amendment claim challenging the conditions of his confinement be dismissed without prejudice.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636.  Any such objections must be filed with the Clerk of the District Court by August __9th__, 2005.  *See* LCvR72.1.  The parties are further advised that failure to make

---

[5]In dicta, the Court in *Wolff* added that a limited role may exist for staff representatives when the inmate is illiterate or the issues are unduly complex.  The Court stated:

> Where an illiterate inmate is involved, however, or whether the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, he should be free to seek the aid of a fellow inmate, or if that is forbidden, to have adequate substitute aid in the form of help from the staff or from a sufficiently competent inmate designated by the staff.  We need not pursue the matter further here, however, for there is no claim that the named respondent, . . ., is within the class of inmates entitled to advice or help from others in the course of a prison disciplinary hearing.

*Wolff*, 418 U.S. at 570 (dictum).  Here there is no evidence that Plaintiff is illiterate, and the issues are not complex.  Therefore, Plaintiff was not entitled to a staff representative.

6

timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral [Doc. #3] by the District Judge in this matter.

ENTERED this __20th__ day of July, 2005.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE